UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BATES,<br>         Plaintiff,<br>    v.<br>CITY OF SAN JOSE, et al.,<br>         Defendants. | Case No. 15-cv-05729 NC<br><br>**ORDER REQUIRING ADDITIONAL BRIEFING REGARDING PLAINTIFF'S DUE PROCESS CLAIM**<br><br>Re: Dkt. Nos. 16, 19 |

In this constitutional case, plaintiff Bates has alleged a violation of his due process rights. Two issues require additional briefing.

The first issue is whether Bates is bringing a substantive due process claim or a procedural due process claim, or both. He must state the constitutional right he has been deprived of by the Defendants' failure to investigate his claims of misconduct in his 2006 trial. He must submit a brief not to exceed three pages by May 31, 2016.

Second, in their motion to dismiss the complaint, Defendants argue that Bates' due process claim must fail because it alleges a violation of City ordinances, not federal law. Dkt. No. 16 at 16. Defendants state that Bates fails to allege facts supporting a federal civil rights action because the complaint "allege[s] violations of the policies, ordinances, and other provisions of the City of San Jose. . . . Instead of the laws of the United States." *Id*. This argument needs further explanation. Liberty and property interests that qualify for protection under the Due Process Clause include real property, entitlements, and liberty

interests, including rights of free movement, association, and speech. *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013). A state statute can provide a "protectable entitlement" and thereby provide an avenue for a substantive due process claim. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 12 (1979); *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986) (a protectable entitlement "may arise from either of two sources: the due process clause itself or state law"). If a state or city creates an entitlement but subsequently denies citizens access to that entitlement without due process of law, then it violates the Due Process clause. *See e.g., Wolff v. McDonnell*, 418 U.S. 539 (1974) (holding that a Nebraska statute created a liberty interest protected by due process guarantees). State law that can create an entitlement includes a city's ordinances and policies. *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 63 (9th Cir. 1994) ("the provisions of the Phoenix City Code create an articulable standard sufficient to give rise to a legitimate claim of entitlement") (internal citations and quotations omitted). Defendants are ordered to file additional briefing addressing this issue. They must submit a brief not to exceed three pages by May 31, 2016.

**IT IS SO ORDERED.**

Dated: May 23, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05729-NC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 24, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Frederick  Bates
1235 Muirkirk Ct.
Folsom, CA 95630


Dated: May 24, 2016

　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court


　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Lili Harrell, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable NATHANAEL M. COUSINS

3