UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREDERICK BATES,

    Plaintiff,

    v.

CITY OF SAN JOSE, et al.,

    Defendants.

Case No. 15-cv-05729 NC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Re: Dkt. No. 16

    Plaintiff Frederick Bates, a retired sergeant with the San Jose Police Department, has sued the City of San Jose and San Jose city officials, including the Mayor and Vice Mayor and nine city councilmembers, for constitutional due process and equal protection violations. Proceeding pro se, Bates claims that Defendants refused to respond to his requests to investigate alleged misconduct by City Attorney Richard Doyle and other city officials and thereby discriminated against Bates based on his employment status as a police officer retired on a medical disability from the City's police department. Because Bates' complaint does not allege facts to support a plausible claim for relief, the Court GRANTS Defendants' motion to dismiss.

**I.   BACKGROUND**

    Bates retired from the San Jose Police Department in 2004. Dkt. No. 1 at 10. In 2006, Bates sued San Jose and three city employees claiming that his civil rights were violated when he was denied a permit to carry a concealed weapon (CCW permit). *Id*. at

Case No. 15-cv-05729 NC

5. The 2006 case was dismissed at summary judgment by District Court Judge Ronald M. Whyte, after which Judge Whyte denied Bates' request for relief from the judgment. The judgment against Bates was affirmed on appeal by the Ninth Circuit Court of Appeals. *See Bates v. City of San Jose*, 608 F. App'x 544 (9th Cir. 2015).

In his present suit, Bates alleges that beginning in 2010, he reported members of the San Jose City Attorney's Office for discrimination and misconduct related to his 2006 lawsuit. Dkt. No. 1 at 6. He reported that during the 2006 lawsuit, members of the City Attorney's Office presented "false information" to the courts, submitted a motion for summary judgment that was a "total fabrication," and "violated the City's Code of Ethics, committed perjury and other violations of law and discriminated against plaintiff." Dkt. No. 1 at 6, 7.

Bates alleges that Defendants failed to initiate an investigation regarding his complaints, contrary to various city policies and provisions. *Id*. at 2, 5, 9, 10, 11. The named defendants are Sam Liccardo, Mayor of the City of San Jose, Rose Herrera, Vice Mayor of the City of San Jose, and councilmembers Charles Jones, Ash Kalra, Raul Peralez, Manh Nguyen, Magdalena Carrasco, Pierluigi Oliverio, Tam Nguyen, Donald Rocha, and Johnny Khamis.

Bates alleges that Defendants' failure to initiate an investigation into his complaints deprived him of his constitutional rights to due process and equal protection. *Id*. at 10-11. According to Bates, the failure to investigate his complaints was "discriminatory conduct" motivated by, and "calculated to punish" Bates. *Id*. at 2-3, 10-11.

Bates also alleges that San Jose is vicariously liable for the conduct of the named defendants acting in their capacities as city officials. He states that the City "enforces its discrimination and harassment policy and Code of Ethics in a manner that treats rank and file employees, particularly police officers, different from top ranked City officials." *Id*.

Bates seeks $5,000,000.00 in general damages and $100,000.00 in punitive damages against each named defendant. *Id*. at 13. He also requests injunctive relief, specifically an order to Defendants "to stop their unconstitutional, discriminatory conduct

against [Bates] by initiating a prompt investigation into [his] complaints against City Attorney Richard Doyle and the City Attorney's Office for violations of the City's discrimination and harassment policy, as well as, the City's Code of Ethics." *Id*.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When a plaintiff is pro se, the Court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520-21 (internal quotations omitted).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Case No. 15-cv-05729 NC    3

## III. DISCUSSION

Bates alleges that the named city officials deprived him of his due process and equal protection rights through their failure to respond to his complaints about misconduct by the City Attorney's Office. He argues that San Jose is vicariously liable for the conduct of the city officials because, through them, it enforces its discrimination and harassment policy "in a manner that treats rank and file employees, particularly police officers, different from top ranked City officials." Dkt. No. 1 at 12. The Court asked Bates to clarify whether he was bringing a procedural due process claim, a substantive due process claim, or both. Dkt. No. 36. Bates explained in a supplemental brief that he wishes to allege both a procedural due process and a substantive due process claim. Dkt. No. 39 at 2-3. However, Bates' claims fail to show a violation of a legal duty, fail to allege deprivations of his constitutional rights, or are barred by the applicable statute of limitations. Therefore, his complaint fails to state a claim and is dismissed under Federal Rule of Civil Procedure 12(b)(6).

### A. Due Process Claim

The Due Process Clause of the Fourteenth Amendment promises that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1; *Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009); *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "[T]o determine whether due process requirements apply in the first place, we must look not to the 'weight' but to the nature of the interest at stake." *Board of Regents v. Roth*, 408 U.S. 564, 570-571 (1972). "[T]o obtain a protectable right a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (internal citations and quotations omitted).

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir.1994);

Case No. 15-cv-05729 NC                4

*see also Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir.1998) (requiring a cognizable property or liberty interest as a threshold requirement to a substantive due process claim). Because Bates does not state a violation of a liberty or property right protected by the Constitution, he fails to allege a plausible procedural or substantive due process claim.

### 1. Procedural Due Process

To prevail on a § 1983 claim based on a violation of procedural due process, Bates must establish: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) the lack of process. *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir. 1993). He must allege more than the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (2009).

Here, Bates has not alleged facts showing a liberty interest protected by the Constitution. Bates claims that he was denied a liberty right when his complaints of misconduct by the City Attorney's office during his last lawsuit were not investigated by the City. In his supplemental briefing, he states that "he has a liberty interest in an investigation of his complaints of discrimination and misconduct by the City's attorneys that is derived from the Fourteenth Amendment Due Process Clause as a matter of substantive law." Dkt. No. 39 at 2.

More specifically, Bates alleges that he "emailed each individual defendant a copy of an open letter [he] posted on the internet requesting that defendants open an investigation into criminal misconduct by City Attorney Richard Doyle and other City officials. [Bates] received no response from defendants regarding an investigation." Dkt. No. 1 at 9. Likewise, Bates alleges that defendant Sam Liccardo failed to respond to Bates' post on Liccardo's Facebook page "requesting a response to the open letter [Bates] posted on the internet requesting that defendant open an investigation" into the same alleged misconduct. *Id*. However, taking all these facts as true, Bates has not alleged that

Case No. 15-cv-05729 NC   5

1  Defendants' failure to engage in an investigation of his allegations of misconduct deprived
2  him of a liberty or property right.
3        Defendants' failure to respond to Bates' complaint letters and posts on Facebook
4  does not create a cause of action under § 1983.  District Court Judge John H. Kronstadt in
5  the Central District of California dismissed a § 1983 claim against a Los Angeles County
6  Supervisor because "the only factual allegation Plaintiffs make against Supervisor
7  Antonovich is that Plaintiffs wrote letters in 2010 complaining about [the County of Los
8  Angeles Department of Children and Family Services], to which Antonovich failed to
9  respond.  This is insufficient to state a viable § 1983 claim." *Carlson v. Cty. of Los
10 Angeles*, 2015 WL 365994, at *11 (C.D. Cal. Jan. 27, 2015) (internal citations omitted).
11       Similarly, here, the city officials did not have a duty to investigate alleged
12 misconduct by the City Attorney's office in response to Bates' letters and Facebook posts.
13 *See Lacy v. Cty. of San Diego*, 2012 WL 4111507, at *7 (S.D. Cal. Sept. 18, 2012)
14 (dismissing § 1983 claim against individual because the plaintiff failed "to cite any
15 authority suggesting that Donahue—as an individual employee in the County of San
16 Diego's Internal Affairs unit—could be liable under section 1983 for failure to investigate
17 a deputy").  Bates cites to San Jose Municipal Codes and Ethics Policies stating that
18 "allegations of discrimination or harassment will be promptly and objectively investigated"
19 and "employees who violate the Code of Ethics will be subject to disciplinary action, up to
20 and including termination," Dkt. No. 1 at 11, but does not show that the San Jose city
21 council is responsible for responding directly to letters and grievances written by citizens
22 to the council officials in their individual capacities.
23       Therefore, Bates has not alleged a violation of a liberty right protected by the
24 constitution to which procedural due process rights attach.  His procedural due process
25 claim therefore fails.
26       **2.**    **Substantive Due Process**
27       Bates also alleges that Defendants violated his substantive due process rights under
28 the Fourteenth Amendment.  Dkt. No. 39 at 2. Bates claims that Defendants created a

Case No. 15-cv-05729 NC        6

liberty interest through city ordinances that promise citizens an investigation of their complaints, then failed to carry out that promise by "by repeatedly refusing to investigate Bates' discrimination and misconduct complaints, without any legitimate governmental interest." Dkt. No. 39 at 2. Bates alleges that this was "arbitrary and discriminatory" conduct that violated his substantive due process rights.

A liberty interest may arise from either the Constitution itself or from state law. *Meachum v. Fano*, 427 U.S. 215, 225–26 (1976). A state may create a liberty interest through statutes, prison regulations, and policies. *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013). For example, a body of case law recognizes that state prisoners have a liberty interest in good-time credits if the state has created a statutory entitlement to them and a procedure through which they can be taken away. *See Wolff v. McDonnell*, 418 U.S. 539, 556–57 (1974) (holding that a Nebraska prisoner's loss of state-created liberty interest in good time credits entitled prisoner to minimum due process procedures); *Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir.1986) (California created "constitutionally protected liberty interest" in good-time credits), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The liberty entitlement at stake when a state codifies a process for obtaining good-time credits but does not observe the procedural requirements implicates substantive due process rights.

However, whether a liberty interest arises from the text of the Constitution or from state law, courts require "in substantive-due-process cases a careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal citations and quotations omitted).

Here, Bates argues that the city officials and San Jose created an entitlement by promulgating the California Government Code 12940(j), the City of San Jose Discrimination and Harassment Policy 1.1.1, and San Jose Council Policy 0-15. Dkt. No. 39 at 2. He alleges that these state and city codes and policy statements "created a constitutionally protected liberty interest or a protectable entitlement for Bates to have an investigation conducted into his claims of discrimination and misconduct." *Id*.

Case No. 15-cv-05729 NC 7

Bates cites to *Hardage v. CBS Broadcasting Inc.*, 427 F.3d 1177, 1185-86 (9th Cir. 2005), for the proposition that an entitlement was created under California law "based on the affirmative duty imposed on employers to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Dkt. No. 39 at 2. However, in *Hardage*, the plaintiff brought a Title VII claim against his female supervisor and his employer. *Hardage*, 427 F.3d at 1183. Here, Bates does not allege a violation of Title VII and this is not an employment case. Therefore, *Hardage* does not apply to whether or not the City of San Jose has created a due process entitlement to Bates to have his claims investigated by the City.

If anything, Bates' right is a private right to an investigation into his allegations of misconduct during his previous case against San Jose. It therefore does not constitute a state-created liberty entitlement to which substantive due process rights attach.

Therefore, Bates' complaint does not allege either a procedural or substantive due process violation because he does not articulate a violation of "a liberty or property interest protected by the Constitution." *Wedges*, 24 F.3d at 62.

### B. Equal Protection Claim

Similarly, Bates' references to an equal protection violation do not state a claim under federal law. A plaintiff can state an equal protection claim in one of two ways. One way is to allege plausibly that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)). If the acts in question do not involve a suspect classification, a plaintiff can establish an equal protection "class of one" claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

Even when liberally read, Bates' complaint fails to state an equal protection violation. The complaint summarily states that Bates suffered a violation of his equal

protection rights, but does not allege that he is a part of a suspect class and does not allege that he was treated differently than other, similarly situated individuals. His claim that "rank and file" employees are treated differently than high ranking city officials does not create an equal protection claim because rank and file employees are not a suspect class. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985) (protected classes entitled to heightened scrutiny under Equal Protection Clause include race, alienage, national origin, and gender). Accordingly, Bates has failed to state an equal protection violation.

### C. Vicarious Liability Under § 1983

Bates alleges that San Jose "is liable because the individual defendants are the City's final decision makers and their discriminatory conduct that violates plaintiff's rights to due process and equal protection of law represent City policy." Dkt. No. 1 at 2. Further, Bates alleges that the City "through the actions of the individual defendants engage[s] in discriminatory practices when enforcing the City's discrimination and harassment policy and the City's Code of Ethics, thereby, depriving plaintiff and similar[ly] situated individuals of due process and equal protection of law." *Id*. at 3. Bates' theory of vicarious liability for the City rests on the same factual allegations: that the city officials refused to investigate his claims of misconduct in violation of San Jose City Code and thereby violated his equal protection and due process rights.

To hold a municipality liable under 42 U.S.C. § 1983, a plaintiff must show that the defendant city's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights, or that the city ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). A municipality is not liable unless "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. A plaintiff must show that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Board of Cnty. Commis of Bryan County, Oklahoma v. Brown*, 520 U.S. 397,

1   404 (1997).

2       Here, Bates does not allege that there was an official discriminatory municipal
3   policy. He alleges that Defendants' refusal to investigate his claims of misconduct
4   violated San Jose policies as stated in the San Jose Council Policy, San Jose Code of
5   Ordinances, and San Jose City Administrative Policy Manual. Dkt. No. 1 at 4-5. He states
6   that "[t]he City's Code of Ethics applies equally to all City officials and employees." *Id*. at
7   13.

8       Instead, Bates focuses on the enforcement of the policies, which he alleges occurs
9   "in a manner that treats rank and file employees, particularly police officers, different from
10  top ranked City officials." *Id*. at 13. Bates' proof of this discrimination is that "[b]ased on
11  the City's disciplinary reports posted on the City's official website, nearly all rank and file
12  employees found to be dishonest are disciplined by being dismissed from City
13  employment. Whereas, the dishonest and criminal misconduct by City Attorney Richard
14  Doyle and the City Attorney's Office has been covered up by defendants." *Id*. Therefore,
15  the unequal treatment Bates refers to is based on his status as a "rank and file" officer.

16      Bates' allegations boil down to a claim that the city officials, in violation of City
17  policy, discriminated against him on the basis that he is a retired police officer, not a top
18  city official. However, he does not allege a specific policy or greater pattern of
19  discrimination. He contrasts the response to his individual case against some data about
20  how lower level employees are held accountable for misconduct. These allegations do not
21  rise to the level of "deliberate conduct" by the City under *Monell*.

22      Moreover, without a viable claim against the named city-official defendants, there
23  is no avenue to seek relief against the City. Accordingly, Bates' second cause of action
24  fails to state a claim and is dismissed.

25      **D.    Statute of Limitations**

26      In addition to his two stated causes of action, Bates' complaint contains language
27  accusing unnamed "City officials" of "(o)ther discriminatory acts" that include the denial
28  of his CCW permit in 2004 and an "unexplained delay of plaintiff's vocational

United States District Court
Northern District of California

1 rehabilitation training for two years." Dkt. No. 1 at 12.

2 Federal courts apply the forum state's personal injury statute of limitations for § 1983 claims. *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001). In California, the statute of limitations for personal injury suits is two years. Cal. Civ. Proc. Code § 335.1. As such, the statute of limitations bars any of Bates' claims that rest on alleged conduct that occurred before December 14, 2010. Here, Bates' claim regarding the denial of his CCW permit in 2004 is barred by the statute of limitations because the alleged misconduct took place 12 years ago.

### E. Dismissal With Prejudice

Because Bates has not established that San Jose municipal code obligated the city officials to respond to his letters and has not alleged a violation of a federal statute, he has not shown that the city officials violated a legal duty to him.

Although the chance to amend should be liberally given, especially in the case of a pro se litigant, Bates cannot plausibly allege facts making it a violation of federal constitutional law for the city officials to fail to investigate Bates' misconduct claims written in letters to the individual city officials. Bates' requests for relief include injunctive relief to force the city officials to initiate "a prompt investigation" into his complaint against the City Attorney Richard Doyle and the City Attorney's Office, as well as an injunction requiring "defendants to develop policies and procedures that ensure complaints by City employees, both active and retired, against top ranked City officials are received and investigated with the same degree of certainty as complaints are against rank and file employees." *Id.*

Because there are no set of facts that Bates can allege to make his claims viable, his complaint is dismissed with prejudice. *Lopez v. Smith*, 203 F.3d at 1127.

### IV. CONCLUSION

Bates' complaint fails to state a claim against the city officials or San Jose via vicarious liability. It is therefore dismissed under Federal Rule of Civil Procedure 12(b)(6). The complaint is dismissed with prejudice. The clerk is ordered to close the case

Case No. 15-cv-05729 NC          11

and judgment will be entered in favor of Defendants.

**IT IS SO ORDERED.**

Dated: June 10, 2016    _____
NATHANAEL M. COUSINS
United States Magistrate Judge